**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**FILED**

JAN - 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**ANTHONY PRATER**

     **Plaintiff**

**v.**

**FEDEX CORPORATE SERVICES,
INC.,**

     **Defendant**

CASE NUMBER  1:07CV00022

JUDGE: Reggie B. Walton

DECK TYPE: Employment Discrimination

DATE STAMP: 01/██/2007

**NOTICE OF REMOVAL**

The Defendant, FedEx Corporate Services, Inc. ("FedEx Services"), files the following Notice of Removal.

1.     Plaintiff, Anthony Prater, filed suit against FedEx Services in the Superior Court of the District of Columbia.   This action is entitled Anthony Prater v. FedEx Corporate Services, Civil Action No. 2006 CA 008762 B, (hereinafter "State Court Action").

2.     In the State Court Action, Plaintiff asserts claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII").  Plaintiff cites Title VII as the basis for his claims and asserts claims for alleged race discrimination and harassment.  This Court has original subject-matter jurisdiction over Plaintiff's claims under Title VII.  Therefore, FedEx Services may remove this action pursuant to 28 U.S.C. §§ 1331 and 1441, because Plaintiff presents a federal question to be resolved.

3.     In the State Court Action, Plaintiff identifies himself as a citizen of Laurel, Maryland.  Upon information and belief, Plaintiff is a resident and citizen of the State of Maryland. FedEx Services is a foreign corporation incorporated in Delaware, and it has its principal place of business in Memphis, Tennessee.  The place of incorporation and the principal

place of business apply both to the time of the events made the basis of this suit and to the time of removal.

4.    Plaintiff's Complaint contemplates an amount in excess of $75,000, exclusive of interest and costs, in that Plaintiff specifically requests damages "in the amount of $300,000.00," including damages for lost wages since his termination in January of 2006, as well as compensatory damages and attorney fees.

5.    As set forth in the Declaration of Jean Miller, Exhibit B, during 2005, the last full year Plaintiff worked for FedEx Services, his pay rate was $6,236.00 per month, which equates to an annual compensation of $74,832.00. Plaintiff received additional compensation in 2005 which increased his earnings to an amount above $75,000.00. Thus, the amount of Plaintiff's anticipated earnings for the 12 months since his termination exceeds the jurisdictional minimum for diversity jurisdiction. This amount, in addition to potential claims for emotional distress and attorney's fees, yields a total amount in controversy well in excess of $75,000.

6.    Based on paragraphs 3-5 of this Notice, this Court has original subject matter jurisdiction over Plaintiff's claims based upon diversity of citizenship. *See* 28 U.S.C. § 1332(a). Therefore, this suit may be removed to this Court by FedEx Services pursuant to the provisions of 28 U.S.C. § 1441.

7.    All process, pleadings and orders that have been served on FedEx Services or filed by FedEx Services are attached hereto as Exhibit "A."

8.    This Notice is timely brought. Service of Plaintiff's Complaint upon FedEx Services occurred on or about December 19, 2006. Therefore, pursuant to 28 U.S.C. § 1446(b), this Notice is being filed within thirty days after receipt of a copy of the first paper from which it could be ascertained that the case was removable.

2

9.    Removal venue is appropriate because the District of Columbia District Court embraces the place where the State Court Action is pending.

10.    Contemporaneous with the filing of this Notice, FedEx Services has given the Superior Court of the District of Columbia written notice of the removal.

Respectfully submitted,

Edward J. Efkeman
D.C. Bar #479545
Senior Counsel
FedEx legal department
3620 Hacks Cross Road
Bldg. B, 3rd Floor
Memphis, Tennessee  38125
(901) 434-8555
(901) 434-9271 Fax

Michael E. Gabel
Senior Counsel
FedEx legal department
3620 Hacks Cross Road
Bldg. B, 2nd Floor
Memphis, Tennessee  38125
(901) 434-0016
(901) 434-4523 Fax
(not yet admitted to the U.S.D.C.  for the
District of Columbia)

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing Notice of Removal has been served via

FedEx Overnight Delivery, postage prepaid, to:

> Mindy O. Farber
> Jason O. Keene
> Farber Legal, LLC
> 1300 Rockville Pike
> Suite 808
> Rockville, MD 20852
> (301) 881-6800
> (301) 770-3927 – FAX

on this 3d day of January, 2007.

627276

07-22
RBW

**CIVIL COVER SHEET**

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Anthony Prater      88888 | FedEx Corporate Services, Inc.      1104 |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    Prince George CO., MD
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Mindy O. Farber
Jason O. Keene
Farber Legal, LLC
1300 Rockville Pike
Suite 808
Rockville, MD 20852
(301) 881-6800
(301) 770-3927 – FAX

ATTORNEYS (IF KNOWN)

CASE NUMBER  1:07CV00022

JUDGE: Reggie B. Walton

DECK TYPE: Employment Discrimination

DATE STAMP: 01/4/2007

*JURY ACTION*

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ⊙ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZE
FOR PLAINTI...

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ⊙ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ⊙ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

| ○ A. *Antitrust* | ○ B. *Personal Injury/ Malpractice* | ○ C. *Administrative Agency Review* | ○ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

| ○ E. *General Civil (Other)*   OR   ○ F. *Pro Se General Civil* | | |
|---|---|---|
| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation |
| | | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding ● 2 Removed from State Court ○ 3 Remanded from Appellate Court ○ 4 Reinstated or Reopened ○ 5 Transferred from another district (specify) ○ 6 Multi district Litigation ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

Title VII, 42 U.S.C. Section 2000e

| **VII. REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | **DEMAND $** 300,000.00<br>**JURY DEMAND:** | Check YES only if demanded in complaint<br>YES ☒ NO ☐ |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐ NO ☐ If yes, please complete related case form.

DATE Jan. 3, 2007    SIGNATURE OF ATTORNEY OF RECORD _[signature]_

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

ANTHONY PRATER

Vs.                                                        C.A. No.        2006 CA 008762 B

FEDEX CORPORATE SERVICES

## INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

07 0022

**FILED**

JAN - 4 2007

**NANCY MAYER WHITTINGTON, CLERK**
**U.S. DISTRICT COURT**

Case Assigned to: Judge MELVIN R WRIGHT
Date:  December 8, 2006
Initial Conference: 9:30 am, Friday, March 09, 2007
Location:    Courtroom 200
             500 Indiana Avenue N.W.
             WASHINGTON, DC  20001

Caio.doc

CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

| | |
|---|---|
| Anthony Prater | ~~0008762-06~~ |
| *Plaintiff* | Civil Action No. 0008762-06 |
| VS. | |
| FedEx Corporate Services | |
| *Defendant* | |

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| | |
|---|---|
| Mindy G. Farber | By _(signature)_ |
| Name of Plaintiff's Attorney | Deputy Clerk |
| 11300 Rockville Q Pike Suite 808 | |
| Address | |
| rockville maryland | |
| 301 881 6800 | Date 12/5/06 |
| Telephone | |

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 98    **NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ES-TATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly con-tact one of the offices of the Legal Aid Society (624-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION



Anthony Prater                              )
14601 Stratfield Circle                     )
Laurel, Maryland                            )
              Plaintiff                     )
      v.                    RECEIVED        )
                        Civil Clerk's Office         0008762-06
                                            )        ~~0008762-06~~
FedEx Corporate Services    DEC 0 5 2006
900 7th Street Northwest    Superior Court of the
Washington, DC              District of Columbia
              Defendant     Washington, D.C.
_____)

## COMPLAINT
### (Demand for Jury Trial)

Plaintiff, Anthony Prater ("Mr. Prater"), by and through his undersigned

attorneys, Mindy Farber, Jason O. Keene and Farber Legal LLC, hereby alleges the

following causes of action:

1.    Mr. Prater brings this action under Title VII of the Civil Rights Act of

1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1), to secure compensatory, injunctive relief,

and other equitable relief against defendant for terminating his employment based upon

his race, and for harassing him in the workplace based on race in violation of 42 U.S.C.

§§ 2000e-2(a) and 2000e-16(a).

2.    Mr. Prater also brings this action pursuant to 29 C.F.R. § 1614.407, which

authorizes the filing of a civil action within 90 days of receiving the notice of suit rights.

The U.S. Equal Employment Opportunity Commission issued a notice of suit rights on

August 31, 2006. Mr. Prater received this notice on October 3, 2006.

1

## JURISDICTION

3.    This Court has subject matter jurisdiction over plaintiff's claims pursuant to concurrent jurisdiction over actions brought under Title VII of the Civil Rights Act of 1964, § 701 et seq., 42 U.S.C.A. § 2000e et seq, 42 U.S.C.A. § 2000e-5(f)(3).

## THE PARTIES

4.    Mr. Prater, an African-American male citizen of Maryland, resides at 14601 Stratfield Circle, Laurel, Maryland, 20707.

5.    Mr. Prater's work is based out of the local offices of Fed Ex Corporate Services, located at 900 7th Street Northwest, Washington, D.C.  Defendant, FedEx Corporate Services is a corporation with its principal place of business at 50 FedEx Parkway- 3rd Floor, Collierville Tennessee 38017.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6.    The averments set forth above are incorporated herein by reference.

7.    At the time of the acts and omissions giving rise to this law suit, Mr. Prater was an "employee" of the defendant, working in its Government Sales department as a Worldwide Account Manager.

8.    At all times relevant, FedEx Corporate Services was subject to the provisions of Title VII, 42 U.S.C. § 2000e et seq. and the District of Columbia Human Rights Act, District of Columbia Code, § 2-1401.01 et. seq.

2

9.    In February of 2006, Mr. Prater timely filed a complaint of discrimination based on race with the U.S. Equal Employment Opportunity Commission ("EEOC"). Mr. Prater's EEOC Charge number is 570 2006 00135.

10.    Leon Jones, EEOC investigator, conducted the investigation. Unfortunately, FedEx Corporate Services dictated the parameters and methods of the investigation.

11.    Accordingly, Mr. Jones was unable to determine a violation of the Civil Rights Act from his investigation.

12.    The EEOC issued a notice of suit rights on August 31, 2006. This action is filed within 90 days of receipt of this notice.

## FACTS DEMONSTRATING DISCRIMINATION

13.    Mr. Prater worked for FedEx Corporate Services from October of 1987 to January of 2006, when he was illegally terminated. For the five years prior to his termination, he worked as an Account Manager in Government Sales. He was brought into the Government Sales department in August of 2000 as a Corporate Account Executive. He was promoted to Worldwide Account Manager in Government Sales in 2003. In this role, he has been responsible for maintaining a $28million customer territory consisting of various government agencies and state governments who were express, ground and international. He was also tasked with prospecting for new business, preparing bid proposals, obtaining contract renewals, and communicating government

3

sales pricing and policies to field sales (sales management, account executives and inside sales representatives).

14.     During his entire tenure with FedEx Corporate Services, Mr. Prater repeatedly demonstrated his business acumen, competence, dedication and sales skills.  In 1999, for example, he received the President's Club award, one of the highest honors for executives in Mr. Prater's position.  The award, which garnered him a trip to Monaco, is an acknowledgement of his elite status among the company's sales force.

15.     Mr. Prater's career since joining Government Sales has been similarly successful.  Highlights include:

- In 2003, Mr. Prater won a bid for the National Industries for the Blind.  He negotiated this FedEx ground contract currently worth $2 million annually.

- In March 2005, Mr. Prater won a General Services Administration bid. He negotiated a contract for ground shipping now worth $8 million annually.

- In September 2005, Mr. Prater won a contract with the Department of Education (in response to a request for quotation).  That contract is now worth about $1 million annually

- In October 2005, Mr. Prater negotiated a FedEx ground shipping contract with Education Publications (a division of The Department of Education). This contract is worth an annual $1.5 million.

4

- In 2005, Mr. Prater was a top rated sales executive, closing more than $11 million in NEW business in his territory. He was the highest producing Account Manager on the Government Sales team.

16.    Mr. Vince Scarfo ("Scarfo") was a Sales Manager and Mr. Prater's supervisor. In or around an employee overheard Scarfo express the notion that upper management felt that: (1) there were too many blacks in government sales and (2) some of these blacks would accordingly have to be terminated.

17.    The Government Sales Team has two separate parts: GSA (General Services Administration/Agency Team) and the DOD (Department of Defense Team). Defendant employed Mr. Prater on the GSA Team. Both the GSA and DOD teams are led by Government Sales Managers: Vince Scarfo for GSA, and Kristen Knott for DOD. The Government Sales Managers report to the Government Sales Director-Gurn Freeman, who reports to a Regional Vice President-Dave Kevern. Worldwide account managers and Government Sales Support Staff (senior sales specialists and sales specialists) worked under the Government Sales Managers' supervision.

18.    FedEx Corporate Services, through the actions of its employees, has harassed and/or discriminated against African-American employees, including Mr. Prater, during Mr. Scarfo's tenure. Mr. Scarfo has subjected African-American employees in general, and Mr. Prater in particular, to a hostile work environment consisting of unfair, dismissive and abusive treatment (e.g. unfair disciplinary practices). Examples of hostile work environment include:

5

- Saddling African-American employees with harsh discretionary targets: Goal is set at the upper management level and then is apportioned by Sales Managers, at their discretion, based upon potential revenue yield of the territory. Mr. Scarfo engaged in the abusive and discriminatory practice of assigning unreasonable goals to African-American employees. Because there were separate revenue goals based upon service categories, an unreasonably high goal in a particular area can and did cause disfavored employees (African-Americans) to be disciplined despite the fact that their TOTAL yield exceeded the combined dollar goals of all categories.

- More closely scrutinizing African-American employees in a way that impacted such employees' ability to work effectively. For example, Mr. Scarfo would challenge even routine client expenditures by African American employees. The challenged expenses are necessary and common expenses.

- Disproportionate influence of "lost accounts" for African-American sales professionals: When an account is lost for whatever reason, it reflects on the affected employee's performance generally. However, with respect to African-American employees, discussion of their lost accounts was more prevalent and lasted longer than discussion of the lost accounts of white sales professionals. More prolonged and consistent discussion of these lost accounts means that black sales professionals bear more negative consequences than white ones from the same issue.

6

- Numerous petty oppressions and intimidations directed at African American employees: This included, for example: (1) unequal application of rules respecting leave in favor of white employees, (2) failure to reasonably work with African American employees on vital issues, e.g. benefit claims, and others.

- Uneven application of "gift" rules: Sales professionals may not accept gifts valued at more than $25. This rule is commonly disregarded or interpreted by sales professionals as NOT including certain perks, as reciprocal gifts are a part of the social process of establishing sales relationships. An African-American sales professional took a weekend trip with a client, was reprimanded, apologized and eventually, upon information and belief, was asked to leave the company. White executives doing precisely the same thing were not disciplined.

- In 2005, Mr. Prater was targeted with disciplinary action for a typographical error in a document that he prepared. Periodic reports show that other employees generated more errors than Mr. Prater. None of these other employees was disciplined for this.

- Mr. Scarfo routinely pushed aside and disregarded the ideas of the African American employees who worked under him. This has been observed by more than one person working under him. One person has stated that it seemed, from body language, disposition and other cues, that Mr. Scarfo could not even stand to talk to a black person.

7

- Blacks were held to a stricter schedule:  Black workers under Mr. Scarfo tend to be held to working within certain hours, while whites tend to be permitted to come and go more liberally.  This has been observed by more than one person.  In one incident: a black woman, Cheryl Hall, was required to find another position after using all of her Family and Medical Leave Act leave in connection with a serious illness.  (No appropriate position was available, and she was effectively terminated).  A white woman, Janine Greene, was assigned to replace Ms. Hall.  However, Ms. Greene is permitted extremely liberal use of leave in connection with her status as a recently divorced single parent.  Ms. Greene's absences and lateness have a similar impact on the office as Ms. Hall.  However, Ms. Greene has not had to suffer similar consequences and has kept her job.

- Refusing to give blacks the required support.  The defendant has selectively targeted African American executives and purposely failed to give them the normal support and consideration that sales professionals require and which their non black colleagues regularly received.  African American employees were regularly targeted even when they were highly successful or greatly improved.  Even top performing, President's Club-eligible employees faced not having the support to push and close the big deals.

- Regarding a certain black executive who is the most "accepted" and "respected" African-American sales professional on the team: this gentleman was continually promised a promotion into upper management

for his solid work.  However, when the promised position became available, it was offered to a white person.

- Generally unfair, unequal and bogus charges were administered against Mr. Prater and other black employees and black employees were more often subject to abuse of power.

- Failure to follow FedEx guidelines and thus failing to coach black employees to improve perceived deficiencies.

- Distrust by white managers of black employees generally (as opposed to white employees) within the Government Sales department, emanating from the Sales Manager level to the Vice President level.

- Selecting certain African-American executives and targeting them to be managed out of the organization (fired).  The defendant bombarded these executives with negative performance feedback (reviews) and compounded this by further negative scrutiny to provide a paper trail of negative feedback upon which to base the employee's termination.

- Termination of Mr. Prater to be replaced by a white person.

19.    In 2005, Mr. Prater received a performance review that identified supposed deficiencies in his performance.  The initial deficiency alleged was that Mr. Prater had not attained the Express revenue goal: ONE particular goal among several. Over this period, very few **if any** of the Worldwide Account Managers attained ALL of the goals consistently.  FedEx Corporate Services failed to follow its own guidelines to assist Mr. Prater in improving in the area identified.  At no time has Mr. Prater received any counseling or management assistance of any kind whatsoever.  The defendant

9

claimed, in its response to the EEOC inquiry, that it provided additional coaching over a twenty-eight (28) month period. This never occurred and no legitimate documentation supports this notion. In any event, by the time Mr. Prater was terminated, he was generating more new business than most of the other people on the team.

20.    While Mr. Prater was making a lot of money for FedEx Corporate Services, Mr. Scarfo was giving the company's money away. In April 2006, Mr. Scarfo sent an email to employees, copying a former colleague of his at UPS, the defendant's main competitor and Mr. Scarfo's then recent past employer of 22 years. This email contained sensitive information about customer leads, prospects and contact information. Each member of the sales team was required to compile a list of five prospective clients, agencies or Government contractors ("prospects"). Each prospect listed contained the following information: Government Agency Name, Account Number, Contact Name, Potential Revenue, and Potential Volume (number of packages). All of this information was included within the attachment. See, Exhibit 1. Anyone in Mr. Scarfo's position would have known not to share proprietary prospect information with direct competitors. Mr. Scarfo, who is white, was not punished by the defendant, though this offense was grounds for discipline up to and including immediate termination.

21.    Mr. Prater was terminated on January of 2006 and filed his EEOC claim in February of 2006. Although he had missed one sales goal, his previous year's sales had been the highest in government services. White people were permitted to miss individual sales goals without incurring termination.

## COUNT I

10

**(RACE DISCRIMINATION: NON-SELECTION IN VIOLATION OF TITLE VII)**

22.     Plaintiff adopts and incorporates by reference all factual averments herein.

23.     All of FedEx Corporate Services's acts previously outlined, such as creation of a hostile working environment based upon race, targeting Mr. Prater to be managed out of the company, and terminating him in connection with a known plan to reduce the number of African American employees, constitutes willful, intentional, and unlawful discrimination against Mr. Prater based on his race, in violation of Title VII, 42 U.S.C. § 2000e-2(a).

24.     As a result of FedEx Corporate Services's willful, intentional and unlawful discrimination on the basis of race, Mr. Prater has suffered and will continue to suffer losses of wages, benefits, employment opportunities, and career advancement.

25.     Mr. Prater has no adequate or complete remedy at law to correct the unlawful employment practices set forth herein, and this suit for damages, injunctive and other equitable relief is his only means of securing adequate relief.  Mr. Prater now suffers injury to his professional advancement as a result of FedEx Corporate Services's discriminatory practices, unless and until this Court grants relief.

WHEREFORE, Mr. Prater demands judgment against FedEx Corporate Services and prays:

A.  That this Court award Mr. Prater reinstatement to FedEx Corporate Service, and take such affirmative action as is necessary to ensure the effects of the

11

defendant's unlawful employment practices are eliminated and do not continue to affect Mr. Prater's employment or livelihood;

B.   That this Court order FedEx Corporate Services to pay Mr. Prater the value of any back pay for lost career opportunities and expenses;

C.   That this Court award Mr. Prater nominal, general, and compensatory damages in the amount of $300,000;

D.   That this Court grant Mr. Prater reasonable attorney's fees and any other costs of this action;

E.   That the costs of this action be taxed against FedEx Corporate Services; and

F.   That this Court award Mr. Prater such other and further relief as may be deemed just and equitable.

## COUNT II

## (RACIAL HARASSMENT IN VIOLATION OF TITLE VII)

26.     Plaintiff adopts and incorporates by reference all factual averments herein.

27.     All of FedEx Corporate Services's harassing actions previously outlined, such as creation of a hostile working environment based upon race, targeting Mr. Prater to be managed out of the company, and terminating him in connection with a known plan to reduce the number of African American employees, constitutes willful, intentional, and unlawful discrimination by harassment against Mr. Prater based on his race, in violation of Title VII, 42 U.S.C. § 2000e-2(a).

28.    As a result of FedEx Corporate Services's willful, intentional and unlawful discrimination on the basis of race, Mr. Prater has suffered and will continue to suffer losses of wages, benefits, employment opportunities, and career advancement.

29.    Mr. Prater has no adequate or complete remedy at law to correct the unlawful employment practices set forth herein, and this suit for damages, injunctive and other equitable relief is his only means of securing adequate relief.  Mr. Prater now suffers injury to his professional advancement as a result of FedEx Corporate Services's discriminatory practices, unless and until this Court grants relief.

WHEREFORE, Mr. Prater demands judgment against FedEx Corporate Services and prays:

A.    That this Court award Mr. Prater reinstatement to FedEx Corporate Service, and take such affirmative action as is necessary to ensure the effects of the defendant's unlawful employment practices are eliminated and do not continue to affect Mr. Prater's employment or livelihood;

B.    That this Court order FedEx Corporate Services to pay Mr. Prater the value of any back pay for lost career opportunities and expenses;

C.    That this Court award Mr. Prater nominal, general, and compensatory damages in the amount of $300,000;

D.    That this Court grant Mr. Prater reasonable attorney's fees and any other costs of this action;

E.   That the costs of this action be taxed against FedEx Corporate Services; and

F.   That this Court award Mr. Prater such other and further relief as may be

deemed just and equitable.


## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues.

Respectfully submitted,
FARBER LEGAL, LLC

_Mindy Fa_____

Mindy G. Farber (Bar No. 04054)
Jason O. Keene
11300 Rockville Pike
Suite 808
Rockville, MD 20852
(301) 881-6800
(301) 770-3927 – fax

Attorney for Plaintiff

14

## Certificate of Service

The foregoing complaint was sent via first class mail on December 4, 2006 to counsel for defendant FedEx Corporate Services, as follows:

Lynn Diebold, Esq.
FedEx Corporate Services
942 South Shady Grove Road
2nd Floor, Suite 239 (Corp.)
Memphis TN, 38120

Jason Okera Keene

**To:** Vincent Scarfo; Betsy Tolstoi; Barbara Gamble; Calvin Shaw; Lil Nash; linda.turner@ups-scs.com; Monica Fleischmann; Maxine Ames; Maria Buda
**Cc:** Gurn Freeman; Kirstin Knott; Jennifer Edwards; David Waycaster
**Subject:** RE: Team Tracking Log FY 07 Plan

Team, you may recall the e-mail below from April 4th where I asked you to set 3-4 hours aside before Friday to help me help you.  Let me give you the why first of this request and then I will give you the request.

**Why am I asking you to do this?:**

- On April 20th Gurn is meeting with the RMC to discuss Govt. Services. Part of his presentation will be a discussion about goal setting for our team.  By identifying our top prospects and gather the data I am requesting, I can provide Gurn an insight into what you each feel is realistic.
- By developing a specific list for each of you, we can identify the resources we are going to need to help us close our opportunities.
- Provide Focus/Direction for you and our team for FY07.

**What do I need to do before Friday at noon eastern standard time?:**



## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | | |
|---|---|---|
| Anthony Prater | ) | |
| 14601 Stratfield Circle | ) | |
| Laurel, Maryland | ) | |
|       Plaintiff | ) | 0008762-06 |
|     v. | ) | Wright |
| | ) | |
| | ) | |
| FedEx Corporate Services | ) | |
| 900 7th Street Northwest | ) | |
| Washington, DC | ) | |
|       Defendant | ) | |
| | ) | |

### Certificate of Service

I hereby certify that a true and correct copy of the complaint, initial order and summons was served via first class mail, postage prepaid, upon counsel for Fed Ex Services, as follows:

Lynn Deibold, Esq.
FedEx Corporate Services
942 South Shady Grove Road
2nd Floor, Suite 239 (Corp.)
Memphis, TN 38120

*Jason Okera Keene*    12/14/06

Jason Okera Keene
Farber Legal, LLC
One Central Plaza, Suite 808
11300 Rockville Pike
Rockville, Maryland 20852

DATED: September 14, 2006

RTE:
MSC: 38194672I
DIEBOLD LYNN



FROM:
CARR: USPS
TRK#: 7005116000040729394
RCVD: 12/19/2006

TO: DIEBOLD LYNN
PH: 9018187737
BDG: B942        FLR: 2
RM:
PCS: 1

7005 11

CERTIFIED MAIL™
PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS

Lynn Diebold, E
FedEx Corpora
942 South Sha
2nd Floor, Suite
Memphis TN, 3

LAW OFFICES
FARBER LEGAL, LLC
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE, SUITE 808
ROCKVILLE, MARYLAND 20852

RECEIVED
DEC 1 9 2006
LABOR & EMPLOYMENT

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | | |
|---|---|---|
| Anthony Prater | ) | |
| 14601 Stratfield Circle | ) | |
| Laurel, Maryland | ) | |
| Plaintiff | ) | |
| v. | ) | 0008762-06 |
| | ) | Judge Melvin R. Wright |
| | ) | |
| | ) | |
| FedEx Corporate Services | ) | |
| 900 7th Street Northwest | ) | |
| Washington, DC | ) | |
| Defendant | ) | |
| | ) | |

## AFFIDAVIT OF CURTIS KETTREL REGARDING FILING OF COMPLAINT OF ANTHONY PRATER

I, Curtis Kettrel, hereby attest to the following:

1.  My name is Curtis Kettrel, am over the age of 18, and competent to testify to the matters herein. I am employed by Advantage Express, a courier service that among other things, delivers and files court documents. The company address is 4405 East West Highway, Bethesda, MD 20814. The telephone number is: (301)-656-4755.

2.  On December 4, 2006, an employee of Farber Legal LLC requested pick up of a document to be filed with the D.C. Superior Court. This document was the civil complaint of Anthony Prater.

3.  I arrived at Farber Legal LLC's offices shortly after 5 p.m. I picked up the original complaint and copies and arrived with the documents at the D.C. Superior Court after 6 p.m. on December 4.

4.  A marshal at the Court directed me to the after hours filing box, so that I could file the complaint. I immediately went to the filing box with the complaint. The marshal did not indicate that I needed to date stamp a copy.

5.  The Court's mailroom closed at 4:30 p.m. I did not deliver the filing to the mailroom. Rather, I delivered the filing to the appropriate after hours filing box.

6.    I was unaware of the date stamp machine near the filing box and therefore did not stamp the original or copies of the complaint.  However, the complaint was left in the proper filing box on December 4, 2006.

7.    I affirm that the foregoing statement is true and complete to the best of my knowledge, information and belief.


Signed: *Curtis E. Kettrel*
Curtis Kettrel

Notarized: *Nona Minton*

## Certificate of Service

The foregoing affidavit of Curtis Kettrel was sent via first class mail on December 4, 2006 to counsel for defendant FedEx Corporate Services, as follows:

Lynn Diebold, Esq.
FedEx Corporate Services
942 South Shady Grove Road
2nd Floor, Suite 239 (Corp.)
Memphis TN, 38120

Jason Okera Keene

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**ANTHONY PRATER**

      **Plaintiff**

                                    **Case No. _____**

**v.**

**FEDEX CORPORATE SERVICES,**                 **Declaration of Jean M.**
                                                **Miller in Support of**
**INC.,**                                             **Defendant's Notice of**
                                               **Removal**

      **Defendant**

---

I, Jean M. Miller, being first duly sworn do hereby state as follows:

1.     I am over the age of twenty-one and I am employed by FedEx Corporate Services, Inc., ("FedEx Services") as Manager, Human Resources Department.

2.     I am a custodian of records for FedEx Services. As such, I am familiar with the employee earnings and salary records compiled and maintained by FedEx Services during the regular course of its business.

3.     I have reviewed those records that pertain to Anthony Prater, Plaintiff herein, and have determined that Plaintiff was hired by FedEx Services on or about June 1, 2000, and was employed by FedEx Services until around January 3, 2006. In 2005, the last year Plaintiff worked for FedEx Services, his pay rate was $6,236.00 per month, which equates to an annual compensation of $74,832.00. In addition, Plaintiff was eligible for certain additional compensation, so that the last full year that Plaintiff worked



**FILED**

JAN − 4 2007

**NANCY MAYER WHITTINGTON, CLERK**
**U.S. DISTRICT COURT**

at FedEx Services, he earned $94,185.43.  True and accurate copies of the records are attached hereto as Exhibit 1.

4.    FedEx Services is a Delaware corporation with its principal place of business in Memphis, Tennessee.

I declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and accurate to the best of my knowledge, information and belief.

Execute this 2ⁿᵈ day of ~~December, 2006,~~ January, 2007, at Memphis, Tennessee.

JEAN M. MILLER

627479

NEXT SCREEN:          F E D E X     S E R V I C E S                    PEP116
                * * * * * P R I S M * * * * *                          12/21/06
                EMPLOYEE HISTORY INFORMATION SCREEN                     10:42:25

EMP: 72380      Anthony Prater

EFF DATE   TYPE
01/03/06   TRM   BASE SALARY:    6236.00      RSN:        RATE/PERIOD:   MO
                 JOB CODE:  B9181     JOB TITLE:  WW Account Manager

07/16/05   S     BASE SALARY:    6236.00      RSN:  M   RATE/PERIOD:   MO
                 JOB CODE:  B9181     JOB TITLE:  WW Account Manager

09/01/04   S     BASE SALARY:    6236.00      RSN:  A   RATE/PERIOD:   MO
                 JOB CODE:  B9181     JOB TITLE:  WW Account Manager

07/16/04   S     BASE SALARY:    5669.00      RSN:  M   RATE/PERIOD:   MO
                 JOB CODE:  B9181     JOB TITLE:  WW Account Manager

07/16/03   S     BASE SALARY:    5570.00      RSN:  M   RATE/PERIOD:   MO
                 JOB CODE:  B9181     JOB TITLE:  WW Account Manager

ENTER: HELP=CODES/INSTRUCTIONS, RETURN=PREVIOUS MENU, BYE=LOGOFF
**PRESS ENTER TO DISPLAY ADDITIONAL HISTORY**

NEXT SCREEN:          F E D E X     S E R V I C E S                    PEP116
                * * * * * P R I S M * * * * *                          12/21/06
                EMPLOYEE HISTORY INFORMATION SCREEN                     10:42:51

EMP: 72380      Anthony Prater

EFF DATE   TYPE
12/01/02   J     BASE SALARY:    5335.00      RSN:        RATE/PERIOD:   MO
                 JOB CODE:  B9181     JOB TITLE:  WW Account Manager

03/01/02   S     BASE SALARY:    5335.00      RSN:  M   RATE/PERIOD:   MO
                 JOB CODE:  B9169     JOB TITLE:  Sr Corp Acct Executive

01/01/01   S     BASE SALARY:    5130.00      RSN:  M   RATE/PERIOD:   MO
                 JOB CODE:  B9169     JOB TITLE:  Sr Corp Acct Executive

12/16/00   JS    BASE SALARY:    4909.00      RSN:  O   RATE/PERIOD:   MO
                 JOB CODE:  B9169     JOB TITLE:  Sr Corp Acct Executive

09/01/00   JS    BASE SALARY:    4675.00      RSN:  O   RATE/PERIOD:   MO
                 JOB CODE:  B9151     JOB TITLE:  Corp Acct Executive

ENTER: HELP=CODES/INSTRUCTIONS, RETURN=PREVIOUS MENU, BYE=LOGOFF
**PRESS ENTER TO DISPLAY ADDITIONAL HISTORY - PF7 TO BACKPAGE.**

```
NEXT SCREEN:        F E D E X   S E R V I C E S              PRP949
                 *  *  *  P A Y R O L L  *  *  *             12/21/06
            E M P L O Y E E   E A R N I N G S   H I S T O R Y    10:42:12
                    PREVIOUS YEAR SUMMARY

EMPLOYEE NUMBER: 72380        EMPLOYEE NAME: PRATER, ANTHONY
EARNINGS YEAR(YY): 05        CURRENT ORGANIZATION CODE: 3003210002
                             CURRENT COMAT LOCATION: 20001-0001
```

|        HOURS        |       EARNINGS        |          TAXES          |
|---------------------|-----------------------|-------------------------|
| REGULAR:  1800.00   | REGULAR:   64758.42   | FEDERAL:   10779.89     |
| O-TIME:       .00   | O-TIME:        .00    | F.I.C.A:    6860.05     |
| OTHER:     280.00   | OTHER:     29427.01   | STATE:      4747.49     |
|                     | TOTAL:     94185.43   | LOCAL:          .00     |
|                     |                       | DISAB:          .00     |

```
   TOTAL VOLUNTARY DEDUCTIONS:   17275.70     NET PAY:    54267.32

DEPRESS ENTER TO VIEW PREVIOUS YEARS SUMMARY

ENTER:   HELP=CODES/INSTRUCTIONS    RETURN=PREVIOUS MENU    BYE=LOGOFF

INQUIRY SUCCESSFULLY COMPLETED.
```