FILED
JAN - 4 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**ANTHONY PRATER**

    **Plaintiff**

v.

**FEDEX CORPORATE SERVICES, INC.,**

    **Defendant**

CASE NUMBER 1:07CV00022

JUDGE: Reggie B. Walton

DECK TYPE: Employment Discrimination

DATE STAMP: 01/●/2007

## ANSWER TO PLAINTIFF'S COMPLAINT

The Defendant, FedEx Corporate Services, Inc., ("FedEx Services"), files the following answer to Plaintiff's complaint.

1.    FedEx Services admits that Plaintiff asserts claims under Title VII, but FedEx Services denies that its conduct was discriminatory with respect to Plaintiff's race or any other protected characteristic, and FedEx Services denies that any unlawful employment practices were committed by it. In all other respects, FedEx Services denies the allegations of Paragraph 1 of Plaintiff's Complaint, and demands strict proof thereof.

2.    FedEx Services is without sufficient information to admit or deny the allegations of Paragraph 2 of Plaintiff's Complaint, and thus denies the same and demands strict proof thereof.

3.    FedEx Services admits that this Court has jurisdiction over this matter.

4.    FedEx Services is without sufficient information to admit or deny the allegations of Paragraph 4 of Plaintiff's Complaint, and thus denies the same and demands strict proof thereof.

3

5.  FedEx Services admits that Plaintiff was employed by FedEx Services in Washington, D.C. FedEx Services further admits that its principal place of business is in Tennessee.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6.  The prior paragraphs of this Answer are incorporated by reference.

7.  FedEx Services admits that Plaintiff is a former employee of FedEx Services, where he worked in its government sales department as a Worldwide Account Manager. In all other respects, FedEx Services denies the allegations of Paragraph 7 and demands strict proof thereof.

8.  FedEx Services admits that it is subject to the provisions of Title VII. In all other respects, FedEx Services is without sufficient information to admit or deny the allegations of Paragraph 8 of Plaintiff's Complaint, and thus denies the same and demands strict proof thereof.

9.  FedEx Services is without sufficient information to admit or deny the allegations of Paragraph 9 of Plaintiff's Complaint, and thus denies the same and demands strict proof thereof.

10. FedEx Services is without sufficient information to admit or deny the allegations of Paragraph 10 of Plaintiff's Complaint, and thus denies the same and demands strict proof thereof.

11. FedEx Services admits the EEOC was unable to conclude that FedEx Services had violated any statute. In all other respects, FedEx Services is without sufficient information to admit or deny the allegations of Paragraph 9 of Plaintiff's Complaint, and thus denies the same and demands strict proof thereof.

12. FedEx Services is without sufficient information to admit or deny the allegations of Paragraph 12 of Plaintiff's Complaint, and thus denies the same and demands strict proof thereof.

## **FACTUAL ALLEGATIONS**

13. Denied.

14. Denied.

15. Denied.

16. FedEx Services admits that Plaintiff's supervisor at the time of Plaintiff's termination was Mr. Vince Scarfo. In all other respects, the allegations of Paragraph 16 are denied.

17. Admitted.

18. Denied.

19. Denied.

20. Denied.

21. FedEx Services admits the Plaintiff was terminated in January of 2006. In all other respects, the allegations of Paragraph 21 are denied.

## **COUNT I**

22. FedEx Services adopts and incorporates by reference all prior paragraphs of this Answer.

23. Denied.

24. Denied.

25. Denied.

Wherefore, FedEx Services denies that Plaintiff is entitled to any of the relief that he seeks.

## COUNT II

26. FedEx Services adopts and incorporates by reference all prior paragraphs of this Answer.

27. Denied.

28. Denied.

29. Denied.

Wherefore, FedEx Services denies that Plaintiff is entitled to any of the relief that he seeks.

## AFFIRMATIVE DEFENSES.

### FIRST AFFIRMATIVE DEFENSE

The Complaint and each purported cause of action allegation therein fails to state a claim upon which relief can be granted against Defendant.

### SECOND AFFIRMATIVE DEFENSE

Defendant's actions with respect to Plaintiff were based upon legitimate, non-discriminatory factors.

### THIRD AFFIRMATIVE DEFENSE

The Complaint and each purported cause of action is barred, in whole or in part, because Plaintiff failed to fulfill conditions and/or terms of his employment.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred, in whole or in part, by Plaintiff's failure to comply with the procedural prerequisites for a lawsuit, including timely filing of charges of discrimination with regard to some or all of the matters alleged in his Complaint and the receipt of a "right to sue" letter concerning those matters.

## FIFTH AFFIRMATIVE DEFENSE

If and to the extent that Plaintiff has suffered the damages alleged in any of the causes of action asserted in his Complaint, Plaintiff's own negligence and/or willful misconduct directly and proximately caused or contributed to some or all of the damages claimed.

## SIXTH AFFIRMATIVE DEFENSE

With regard to some or all of the matters alleged in each purported cause of action in Plaintiff's Complaint, Plaintiff is guilty of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

By his own inequitable conduct and/or consensual conduct with respect to matters alleged in his Complaint, Plaintiff is estopped from asserting some or all of the claims in his Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

If and to the extent that Defendant made any adverse employment decisions with respect to Plaintiff, those decisions fell within the legitimate exercise of business or managerial discretion and therefore cannot provide any basis for recovery of the damages claimed in Plaintiff's Complaint.

## NINTH AFFIRMATIVE DEFENSE

With respect to each purported cause of action in his Complaint, Plaintiff has failed to exercise reasonable diligence to mitigate his alleged damages and/or injuries. To that extent, Plaintiff may not recover damages from Defendant.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, should be offset by any subsequent earnings or benefits and by any damages caused by Plaintiff to Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

At all times referred to in Plaintiff's Complaint, Defendant did not act wantonly, maliciously, fraudulently or oppressively.

## TWELFTH AFFIRMATIVE DEFENSE

Because of Plaintiff's negligent or improper conduct, acts, and omissions, each of Plaintiff's purported causes of action is barred by the doctrine of waiver.

### THIRTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the failure of Plaintiff to comply with all conditions precedent to the commencement of this action.

### FOURTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the Plaintiff's failure to exhaust administrative remedies.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from alleging in this action matters which are not properly alleged within the scope of charges of discrimination timely filed by Plaintiff.

### SIXTEENTH AFFIRMATIVE DEFENSE

In the event that any of the allegations of unlawful conduct are found to have merit, FedEx Services took prompt and effective action to remedy the acts and has no liability for them.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by FedEx Services, or to avoid harm otherwise.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of judicial or equitable estoppel, res judicata or claim preclusion.

### NINETEENTH AFFIRMATIVE DEFENSE

At all times relevant to this suit FedEx Services acted with good faith towards Plaintiff and had reasonable grounds for believing that its actions were not in violation of any law.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendant's actions with respect to Plaintiff were based upon valid business reasons not related to Plaintiff's race or any other improper or unlawful basis.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff unreasonably delayed filing this action, thereby prejudicing Defendant and barring Plaintiff's claims under the doctrine of laches.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's purported causes of action are barred, in whole or in part, by the applicable statute of limitations.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff unreasonably failed to complain about any alleged harassment.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

FedEx Services is not liable for actions of any alleged agent which were outside the scope of the agent's employment.

Because Plaintiff's Complaint is couched in broad and conclusory terms, FedEx Services cannot fully anticipate all defenses that may be applicable to the action. Accordingly, the right to assert additional defenses, if and to the extent that such defenses are applicable, is hereby reserved.

Respectfully submitted,

Edward J. Efkeman
D.C. Bar #479545
Senior Counsel
FedEx legal department
3620 Hacks Cross Road
Bldg. B, 3rd Floor
Memphis, Tennessee 38125
(901) 434-8555
(901) 434-9271 Fax

Michael E. Gabel
Senior Counsel
FedEx legal department
3620 Hacks Cross Road
Bldg. B, 2nd Floor
Memphis, Tennessee 38125
(901) 434-0016
(901) 434-4523 Fax
(not yet admitted to the U.S.D.C. for the District of Columbia)

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Answer to Plaintiff's Complaint has been served via FedEx Overnight Delivery, postage prepaid, to:

>Mindy O. Farber
>Jason O. Keene
>Farber Legal, LLC
>1300 Rockville Pike
>Suite 808
>Rockville, MD 20852
>(301) 881-6800
>(301) 770-3927 – FAX

on this 3rd day of January, 2007.

_____

627573