IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY PRATER, ) | |
| ) | |
| Plaintiff, ) | Case No. **1:07-CV-00022-RBW** |
| ) | |
| v. ) | |
| ) | |
| FEDEX CORPORATE SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## JOINT MEET AND CONFER STATEMENT

Pursuant to Fed.R.Civ.P. 26(f) and Local Civil Rule 16.3, counsel for the parties have conferred, with participation by Jason Keene, counsel for Plaintiff, and Michael E. Gabel, counsel for Defendant, FedEx Corporate Services, Inc. ("FedEx Services"). Counsel hereby submits the following statement of all agreements reached and positions taken by the parties on matters about which there was a disagreement:

TOPIC NO. 1.: Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.

POSITION OF PARTIES: Defendant believes that the filing of a dispositive motion would likely dispose of some or all of plaintiff's claims, but Plaintiff disagrees. Defendant does not recommend that discovery be stayed pending those motions.

TOPIC NO. 2: (a) The date by which any other parties shall be joined or the pleadings amended; and (b) whether some or all of the factual and legal issues can be agreed upon or narrowed.

POSITION OF PARTIES: (a) The parties have agreed that any joinder of additional parties or amendments to the pleadings shall be made within 90 days of the entry of the scheduling order. (b) The parties agree that the factual and legal issues may be able to be narrowed after some discovery.

TOPIC NO. 3: Whether this case should be assigned to a magistrate judge for all purposes, including trial.

POSITION OF PARTIES: The parties do not unanimously consent to having the case assigned to a magistrate judge.

TOPIC NO. 4: Whether there is a realistic possibility of settling the case.

POSITION OF PARTIES: The parties agree that settlement may be a realistic possibility but Defendant believes that additional discovery is needed.

TOPIC NO. 5: Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.

POSITION OF PARTIES: The parties believe that mediation may be beneficial, but Defendant believes that mediation should occur after the deposition of the Plaintiff and some information exchange has occurred during the discovery process. Plaintiff urges that mediation would be useful at an early date, pre-discovery, so that the issues might be clarified and this matter resolved prior to the parties incurring large legal fees. The parties do not believe that a

neutral case evaluation would be beneficial. The parties do not believe that there would be any advantage to staying the discovery process while ADR is pending.

TOPIC NO. 6: Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision of the motions.

POSITION OF PARTIES: Although the parties disagree as to whether this case can be resolved by summary judgment or motion to dismiss, they propose December 15, 2007 as the deadline for the filing of such a motion.

TOPIC NO. 7: Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), Fed. R. Civ. P., and, if not, what if any changes should be made in the scope, form, or timing of those disclosures.

POSITION OF PARTIES: The parties agree to May 21, 2007 as the deadline for the exchange of Rule 26(a)(1) initial disclosures.

TOPIC NO. 8: The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

POSITION OF PARTIES: The parties suggest the following schedule:

October 31, 2007: Deadline for plaintiff to designate experts and provide expert reports pursuant to Rule 26(a)(2).

November 30, 2007: Deadline for defendants to designate experts and provide expert reports pursuant to Rule 26(a)(2).

October 31, 2007: Discovery cutoff. However, the parties agree that experts may be deposed until December 15, 2007.

December 15, 2007: Deadline for filing Dispositive Motions.

The parties agree to the normal Federal Rules of Civil Procedure discovery limitations and agree to a maximum of seven (7) depositions for each side. The parties further agree that a protective order may be appropriate in this matter.

TOPIC NO. 9: Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), Fed. R. Civ. P., shall be modified and whether and when depositions of experts should occur.

POSITION OF PARTIES: The parties agree that no modification to the applicable rules is needed apart from the timing of the disclosures and expert depositions as set forth above.

TOPIC NO. 10: In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

POSITION OF PARTIES: Not applicable.

TOPIC NO. 11: Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

POSITION OF PARTIES:  No phase structure is necessary, except that Defendant believes that liability and punitive damages should be bifurcated at trial.

TOPIC NO. 12:  The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

POSITION OF PARTIES: The parties request a pretrial conference on or about February 15, 2008.

TOPIC NO. 13: Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

POSITION OF PARTIES: The parties prefer that a firm trial date be set at the pretrial conference.

TOPIC NO. 14:  Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

POSITION OF PARTIES:  Not applicable.

**Date: May 11, 2007.**

**Respectfully submitted by:**

| | |
|---|---|
| __s/Michael E. Gabel____   and | s/Jason O. Keene (by MEG) |
| Michael E. Gabel (*Pro hac vice*) | Mindy G. Farber (Bar No. 04054) |
| Edward J. Efkeman (Bar No. 479545) | Jason O. Keene |
| FedEx Legal Department | Farber Legal, LLC |
| Building B, Second Floor | 11300 Rockville Pike |
| 3620 Hacks Cross Road | One Central Plaza, Suite 808 |
| Memphis, Tennessee 38125 | Rockville, Maryland 20852 |
| (901) 434-0016 | (301) 881-6800 |
| Fax (901) 434-4523 | (301) 770-3927 fax |
| | |
| Attorneys for Defendant | Attorneys for Plaintiff |

5

SLW/641555