IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

# ECF

|  |  |  |
|---|---|---|
| ANTHONY PRATER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:07-CV-00022-RBW |
| | ) | |
| vs. | ) | |
| | ) | |
| FEDEX CORPORATE SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## CONSENT PROTECTIVE ORDER

### Background Statement

In the course of discovery, Plaintiff and Defendant have requested information and documents that are or may be of a personal and/or of a proprietary nature, including, but not limited to, information and documents pertaining to the personnel files, compensation information and/or discipline history of non-party employees of FedEx Corporate Services, Inc. and information and documents pertaining to the Plaintiff's income and medical records. The parties seek to limit the use of the information and documents to protect the parties and non-party employees from annoyance and potential embarrassment as well as to maintain the confidentiality of personal and/or proprietary information relating to the parties and to others. Accordingly, they have agreed to the entry of this order to facilitate the production of the information requested and any information which has been or will be produced during discovery in this case.

## **Protective Order**

### **Designation of Confidential Information**

1.      "Confidential information" as used herein means any type of classification of information which is designated as "confidential" in the manner specified below, in the good faith belief that such information falls within the scope of the Federal Rules of Civil Procedure and is subject to this protective order.  For purposes of this protective order, "confidential information" means proprietary, business, financial, medical and/or personal information including but not limited to information from employee personnel files.   "Confidential information" may include documents, information contained in documents, depositions, interrogatory answers, and all other discovery pursuant to the Federal Rules of Civil Procedure, court testimony, matters in evidence and other information furnished by or on behalf of any party in connection with this litigation which falls within the scope of this protective order.

2.      The party producing any documents or information subject to this protective order shall have the right to use its discretion in designating materials subject to this order to be confidential information.  However, the party shall be obligated to designate only documents or information which it believes in good faith to be information within the scope of the Federal Rules of Civil Procedure.  Moreover, the party shall be obligated to make specific designations to the extent reasonably possible and to avoid overbroad designations.

3.      Any party producing documents may designate such documents or copies thereof as confidential by marking any confidential page as follows: CONFIDENTIAL.    When producing a multi-page document, all of which it contends is confidential, a party may designate the entire document as confidential by marking the cover page as follows:  CONFIDENTIAL.

4.     Information disclosed at the deposition of any party or at the deposition of one of its present or former officers, directors, employees or agents, or of independent experts retained by any party for purposes of this litigation may be designated by such party as confidential by indicating on the record at the deposition that the testimony is confidential and subject to the provisions of this Order. Alternatively, such party may designate information disclosed at such deposition as confidential by notifying all parties in writing, within thirty (30) days of receipt of the transcript, of the specific pages and lines of the transcript which are confidential. Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody or control.

## Use of Confidential Information

5.     Confidential information shall be used only for the purpose of these proceedings and shall not be disclosed to any person except the following:

(a)     Counsel for any party, the legal associates, clerical or other support staff of such counsel assisting in the preparation of this action, and the parties, to the extent necessary to prepare for this litigation;

(b)     Agents, representatives and employees of either party, as is necessary to prepare this case for litigation;

(c)     Subject to the provisions of Paragraph 6 below, independent experts (who shall not be a party or an employee of a party) employed by counsel for the purpose of assisting in this action;

(d)     A witness who is either the producing party or an employee of the producing party or a former or current employee of the producing party, as is necessary to

prepare this case for litigation, and, the court reporter and courtroom personnel at any deposition, pretrial hearing, trial or other proceedings held in connection with this action;

(e)     Subject to the provisions of Paragraph 7 below, any court, including this Court, or appellate body which has cause to consider any of the issues raised in this action;

(f)     Jurors and prospective jurors;

(g)     Or any other person or entity to whom this Court orders or allows disclosure after notice and opportunity for hearing.

### Non-Disclosure of Confidential Information

6.     No person to whom confidential information is disclosed shall disclose such confidential information to any person to whom disclosure is not authorized by the terms hereof, or make any other disclosure of such confidential information for any purpose whatsoever, commercial or otherwise.  In addition to other restrictions on disclosure contained herein, the parties agree that no confidential information may be disclosed to any person (including any consultant, expert or employee of any party) until such person has signed a copy of this Order and indicated his/her willingness to be bound by its provisions.  The disclosing party shall have the obligation to maintain records identifying all such persons to whom information has been disclosed.  In the event of a disclosure of confidential information, the disclosing party shall arrange for the return of any disclosed documents once the need for the disclosure is complete. Except for disclosures authorized by the terms of this order, the attorneys for the parties shall maintain custody of the confidential documents.

## General Conditions

7.     In the event that a party disputes the propriety of the designation of any material or information as confidential, that party may file a motion with the Court requesting a ruling regarding whether the materials or information should be treated as confidential for purposes of this Consent Protective Order.  No party shall be obligated to challenge the propriety of any designation of information as confidential and a failure to do so shall not preclude a subsequent attack on the propriety of such designation.

8.     The ultimate disposition of protected materials is subject to a final order of the Court upon the completion of litigation.  The parties agree to return any confidential information to the party providing the confidential information except transcripts of depositions taken in the course of this proceeding, at the request and expense of the producing party.

9.     This Protective Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to the confidential information. Specifically, this Protective Order shall not require any party to notify or to obtain permission from other parties before introducing materials designated confidential at trial or examining witnesses about materials designated confidential during depositions or at trial, beyond the notice required by the Federal Rules of Civil Procedure, local court rules or order of Court.

10.    Nothing in the foregoing provisions of this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to confidential information as that party may consider appropriate; nor shall any party be precluded from claiming that any matter designated hereunder is not entitled to protection, or is entitled to a more limited form of protection than designated.

SO ORDERED THIS _30th_ day of _November_ 2007.

_Reggie B. Walton_
_____
Honorable United States District Court Judge


Consented to by:


  s/Michael E. Gabel            and          s/Smruti Radkar   

| | |
|---|---|
| Michael E. Gabel (*Pro Hac Vice*) | Mindy G. Farber |
| Edward Efkeman | Smruti Radkar |
| FedEx legal department | **Farber Legal, LLC** |
| 3620 Hacks Cross | 11300 Rockville Pike |
| Building B | One Central Plaza |
| 2nd Floor | Suite 808 |
| Memphis, Tennessee 38125 | Rockville, Maryland 20852 |
| (901) 434-0016 Telephone | (301) 881-6800 Telephone |
| (901) 434-4523 Facsimile | (301) 770-3927 Facsimile |

**ATTORNEYS FOR DEFENDANT**           **ATTORNEYS FOR PLAINTIFF**


doc. 657679